The opinion of the Court, was delivered by
Hoenblowee, C. J.
The first section of the act authorises A. Plassert and others, the survivors and survivor of them, their heirs or assigns, to erect a mill-dam across the river Raritan, above Raritan Landing Bridge; four feet high, for the purpose *134 of creating a water power, for the benefit of such mill or mills, or other water works, as should thereafter be erected by said Hassert and his associates, their heirs or assigns; and forever thereafter to use the same for such purposes; and the same to repair, maintain and uphold ; upon condition that they, their heirs or assigns should “ form, build and complete a lock in the said dam, on the Somerset side of the river; of such size, dimensions and construction that Durham boats of the largest size, formerly used on said river, may pass through the same with as much ease and safety as though the said dam had not been erected.” “ The said lock to be not less than twelve feet wide.”
The 3d. section of the act directs that Hassert and his associates, their heirs and assigns, as long as he, she or they, “make me of the same for the purposes aforesaid, shall maintain, uphold and support the said dam, lock &c. and if occasion shall require, rebuild the same, and at all times forever “ thereafter ” keep the said dam, look &e. in good and sufficient repair, and til, safe and convenient for the passage of boats and other craft usually navigating said river ¡freely without delay or expense of any kind or nature whatsoever” — and in case of a refusal or neglect so to do, “ whereby boats or other craft shall be hindered or obstructed in t'he passage of the same,” the act subjects Hassert and his associates, their heirs and assigns, to indictment; “ and also to an action of trespass on the case, at the suit of the party injured, for all damages sustained by reason of such neglect or refusal.”
The act also requires, that there shall be a sluice left open in the dam, twenty-two feet in width and two feet deep, for the benefit of the shad fishery, which sluice, as well as lock, the defendant or those owning or using the dam, are bound under the like responsibilities, to maintain and keep in repair.
The motion in arrest of judgment, is founded on two exceptions to the declaration viz.
1st. That the plaintiffs, have not shewn in either count of the declaration that they were delayed or hindered in passing through the lock with such boats or craft, as by law they were entitled to pass through the same.
In the first count, after reciting the statute at large, and stating the defendant’s obligation to build and maintain the lock, and *135 his neglect to keep the same in repair, they say, “ whereby the plaintiffs who were the joint owners of boats or craft, for the purpose of navigating the said river, above the said landing Bridge &e. were injured &c.”
The counsel for the defendant is under a great mistake in supposing, that by the law, the defendant was only required to make a lock twelve feet wide. The act prescribes that, as the minimum width; it is to be twelve feet wide at least; but, as much wider, and as long, as may be necessary to admit of the passage through it, “ of Durham boats of the largest size formerly used on the said river.” Consequently, all the arguments of counsel, founded on that mistake, must fall to the ground. Nevertheless I think there is a fatal objection to this count. The 1st. section prescribes the size of the lock : namely; “ of such size, aimensions and construction, that Durham boats of the largest s;::e formerly used on said river, may pass through the same, —-The 3d. section directs what boats, may and shall be permitted to pass through the lock ; namely; “ boats and other craft usually navigating said river.” Now, if boats, usually navigating the river, can pass through a lock of the given dimensions, it is very well. Tf they cannot, it is the fault of the legislature, and the defendant is not to be blamed. It was only necessary then for the plaintiffs to aver that they were hindered and prevented, for want of such a lock, or by reason of its being out of repair, from passing through, with boats or craft “ usually navigating said river.” — It was not necessary for the plaintiffs to aver, that sueh boats and craft, could have been passed through a lock of the size and dimensions prescribed by the act, if such lock had been built or kept in repair. If in fact the plaintiff’s boat, or boats of the size usually navigating the river, could not be passed through sueh lock, that was matter of defence, and the contrary need not be affirmed in the declaration. — It is only necessary for a party, who brings an action under a statute, to shew himself entitled, under the enacting clause. If there be an exception in the statute, that saves the defendant, that is matter of defence, and the plaintiff need not make such allegations in his declaration, as shew that the defendant is not within, or not protected by the exception. (Spieres v. Parker, 1 T. R. 144, 145.) So also, if, as in this case, the plaintiff is within the words of the *136 enacting clause giving the action, but by reason of some matter of fact, which may be proved on the trial, not entitled to the action, the truth or existence of such fact, need not be anticipated and then negatived in the declaration.
But unfortunately for the plaintiffs, in this c-ount at least, they have not entitled themselves to the action. Their complaint is, that they were not able to pass through the lock, with boats or craft of which they were joint-owners, “ for the purpose of navigating the river.” — This may be true, and yet the plaintiffs not be entitled to recover. No matter for what “ purpose ” they owned the boats; if they were not such as, “ usually navigated the river.” The plaintiffs had ne right to have them passed through the lock ; and could not therefor in an action brought under and in affirmance of the statute, recover damages for being hindered or prevented from passing with these boats or ci aft. Nor is this such a defect, or omission as is cured after verdict. In Spieres v. Parker before cited, (1 T. R. 141.) Puller, Just, give the true rule: “ nothing is to be intended after verdict, but what - is expressly stated in the declaration, or. necessarily implied from those facts which are stated.” Or perhaps what amounts to the same thing; I would say, that nothing is to be intended as having been proved, on the trial, but the material facts stated, and such other facts, as are necessarily involved in the proof of those stated in the declaration. Just. Puller puts the case of a feoffment pleaded without livery, as illustrative of the rule, because, a livery must be implied, for it makes a necessary part of a feoffment — and he says, he knows of no decision against this rule, though he refers to a dictum, of Ld. Hardwiclce, to the contrary.
In Martin v. O’Hara, Cowper, 825, Ld. Mansfield says, “a verdict will cure an ambiguity; but it will not mend the matter, where the gist of the action is not laid.” Now the fact, that the plaintiffs were delayed and prevented from passing with such boats or craft, as usually navigated that river, lay at the very foundation of their right of action : for if they were prevented from passing with any other description of boats or craft, they had no right to complain. But that the plaintiffs were hindered from passing, with such boats as usually navigated the river, is not implied, nor even intimated, in the allegation, that they were *137 joint-owners of boats or craft, for the purpose of such navigation. Nor would the proof of the one fact, include the proof of the other.
In the 2d. count however, the plaintiffs have stated a better case. They say, they were the “joint-owners of boats and craft for the navigating the said river and accustomed to navigate the same &c.” — To this averment I can see no objection. The act says, “ for the passage of boats and other craft usually navigating the river.” — This is perfectly synonymous, with “ boats &c. customarily navigating, or accustomed to navigate &c.” — I think therefore this count is good, and if there is no other objection, judgment must be entered for the plaintiffs, by force of our statute [Rev. Laws 310.) Notwithstanding the verdict is general, and the first count bad.
But there is another objection extending to both counts, that seems to be fatal. In both counts, the plaintiffs have complained that the defendant did not keep the said lock, and sluice in good and sufficient repair &c. whereby &c. — Now whether the sluice was or was not in repair, was perfectly immaterial, so far as respected the plaintiffs’ right of recovery in this suit. Persons sustaining injury in their right of fishery, by the bad condition of the sluice, might maintain their action for such injury: but the plaintiff’s sustained no damage thereby. Yet the jury have rendered a verdict for entire damages, and whether any part of them was for not making the sluice, or not keeping it in repair, cannot be ascertained. It is not indeed probable that any damages were given on that account; nevertheless it does, and must ever appear on that record, that the plaintiffs have recovered against the defendant for not maintaining and keeping in repair, the “ lock and sluiceand that such recovery was had, because they were hindered or prevented from passing the lock with their boats and crafts.
On this ground the judgment must be arrested.
N. B. If we were not bound to arrest the judgment, there ought at least to be a new trial in this case, on the following ground — a great deal of evidence was given on the trial to shew the damages the plaintiffs had sustained by being compelled to break up their rafts of timber below the dam and to draw the logs one by one, over the dam, instead of floating them through the *138 lock — I doubted the propriety of such evidence; but it was insisted and proved that if the lock had been so constructed and kept in repair, as the statute required, it would have admitted the passage of the plaintiffs’ rafts. — I admitted the evidence upon that ground, expecting if a verdict passed for plaintiff, we should be called upon to review my decision on that point at bar. I am now satisfied, I was wrong, for even, if the plaintiffs under this statute, had a right to pass the lock with rafts, of which I entertain serious doubts, yet there was no count in this declaration founded upon any interruption of such passage. If such right exists, the declaration ought to have averred, that if such a lock, as the statute requires, had been made, and maintained, the plaintiffs might have passed their rafts through it, and that by reason of such lock, not being made; or not being kept in repair, they were unable to do so.

Judgment arrested.

Cited in Potts v. Clark, Spencer 539; Griggs v. Drake, 1 Zab. 173; McGear v. Woodruff, 4 Vr. 215.